# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

| | | |
|---|---|---|
| BOBBY DEAN OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1286-JDT-cgc |
| | ) | |
| WESLEY MURPHY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

___

## ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

___

On December 4, 2019, Plaintiff Bobby Dean Oliver, who is incarcerated at the Hardin County Correctional Facility in Savannah, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court subsequently issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) The Clerk shall record the Defendants as Police Officer Wesley Murphy and Kelli Sulivan.[1]

Oliver alleges that Officer Murphy came to the Savannah Lodge, where Oliver worked, and told Oliver that he "was under arrest for sexual[l]y battering Kelli Sulivan."

___

[1] Oliver spells this Defendant's last name as "Sullivan" in the caption but "Sulivan" elsewhere in the complaint. The Court will use the predominant spelling Oliver uses of "Sulivan."

(ECF No. 1 at PageID 2.)  Oliver contested the charge, but Murphy arrested him.  (*Id.*)

Oliver states he is "put[t]ing a lawsuit on both Wesley Murphy and Kelli Sulivan," asks

the Court "to let them . . . know that a lawsuit is com[]ing th[e]ir way," and requests

$10,000,000 in damages.  (*Id.* at PageID 2-3.)

The Court is required to screen prisoner complaints and to dismiss any complaint,

or any portion thereof, if the complaint—

> (1)    is frivolous, malicious, or fails to state a claim upon which relief may
> be granted; or
>
> (2)    seeks monetary relief from a defendant who is immune from such
> relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may

be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556

U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57

(2007), are applied.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  The Court

accepts the complaint's "well-pleaded" factual allegations as true and then determines

whether the allegations "plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*,

631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  Conclusory allegations

"are not entitled to the assumption of truth," and legal conclusions "must be supported by

factual allegations."  *Iqbal*, 556 U.S. at 679.  Although a complaint need only contain "a

short and plain statement of the claim showing that the pleader is entitled to relief," Fed.

R. Civ. P.  8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,'

rather than a blanket assertion, of entitlement to relief."  *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Oliver filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Oliver's allegations are sparse, but he appears to allege that Officer Murphy falsely arrested him for sexual battery. To sustain a claim of false arrest, Oliver must show that the arresting officer lacked probable cause to arrest him. *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005). Oliver does not allege whether Murphy had

probable cause (or a warrant) to arrest him. He alleges only that he told Murphy he did not

commit the crime, but Murphy still arrested him. Without additional factual allegations as

to why Murphy apparently believed Oliver had sexually assaulted Sulivan, the Court

cannot determine whether Oliver has a claim for false arrest.

Oliver, however, may not proceed against Sulivan. Oliver does not allege any action

by Sulivan. When a complaint fails to allege any action by a Defendant, it necessarily fails

to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Even

if Oliver seeks to hold Sulivan responsible under § 1983 for falsely reporting that Oliver

had sexually assaulted her, he may not do so. Based on Oliver's allegations, Sulivan

appears to be a private citizen and, therefore, generally not amenable to suit under § 1983.

*See Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999). "In order to be subject to

suit under § 1983, [a] defendant's actions must be fairly attributable to the state." *Collyer*

*v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1997). Reporting a crime, even falsely, does not

transform a private citizen into a state actor. *See Lansing v. City of Memphis*, 202 F.3d

821, 831 (6th Cir. 2000) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 54 (1999)).

Sulivan, therefore, is not a state actor subject to suit under § 1983.

The Sixth Circuit has held that a district court may allow a prisoner to amend his

complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d

944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013)

(per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form

of notice and an opportunity to cure the deficiencies in the complaint must be afforded.").

Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246

F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that Oliver should be given an opportunity to amend his complaint.

In conclusion, Oliver's complaint is DISMISSED for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend, however, is GRANTED. Any amendment must be filed within twenty-one (21) days after the date of this order, on or before **January 16, 2019**.

Oliver is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Oliver fails to file an amended complaint within the time specified, the Court will dismiss the case in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

       s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE