# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

| | | |
|---|---|---|
| BOBBY DEAN OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1286-JDT-cgc |
| | ) | |
| WESLEY MURPHY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

---

### ORDER DISMISSING CASE WITH PREJUDICE, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

---

On December 26, 2019, the Court dismissed the *pro se* complaint filed by Plaintiff Bobby Dean Oliver, and granted leave to file an amended complaint. (ECF No. 7.) The Clerk received a document from Oliver on January 9, 2020, in which he states, "I am sending you a copy of the warrant. Maybe that will do. [I]f not let me know if I need to send anything else." (ECF No. 8.) The Court will treat the letter and the attached arrest warrant and affidavit of complaint as an amendment to Oliver's complaint.

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (ECF No. 7 at PageID 18-19), and will not be reiterated here.

Oliver's original complaint alleged that Defendant Wesley Murphy, an Officer with the City of Savannah Police Department, arrested him on a charge of sexually battering

Defendant Kelli Sulivan even though Oliver told Murphy he did not commit the crime. (ECF No. 1 at PageID 2.)  Noting that a cause of action for false arrest requires Oliver to show a lack of probable cause, the Court dismissed the claim because Oliver did not allege any facts concerning Murphy's reasons for believing Oliver had sexually assaulted Sulivan. (ECF No. 7 at PageID 19-20.)

In the affidavit of complaint supporting the warrant issued for Oliver's arrest, Murphy averred that Sulivan described to him what occurred during the October 14, 2019, sexual assault and positively identified Oliver as the perpetrator.  (ECF No. 8-1 at PageID 24.)  Oliver does not allege that the affidavit fails to accurately set out what Sulivan told Murphy about the incident or that Sulivan did not actually identify Oliver as her assailant. There is nothing in the arrest warrant or the affidavit to suggest that Defendant Murphy did not have sufficient probable cause to arrest Oliver for sexual battery.  Oliver therefore still fails to state a valid false arrest claim.

To the extent Oliver is asking the Court to intervene in his state-court criminal case, the Court cannot do so.  Under the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  The Sixth Circuit has explained that "[t]he Act thereby creates 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions,' which are set forth in the statutory language." *Andreano v. City of Westlake*, 136 F. App'x 865, 879-80 (6th Cir. 2005) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286

(1970)). Federal injunctions against state criminal proceedings can be issued only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971) (internal quotation marks and citation omitted). The Supreme Court has emphasized that

> [c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id.* at 46. In this case, Oliver does not allege the type of extraordinary circumstances that would permit the Court to become involved in his state-court criminal matter.

Because Oliver's amendment also fails to state a claim on which relief can be granted, this case is DISMISSED with prejudice in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to further amend is DENIED.

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Oliver in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED that any appeal in this matter by Oliver would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Oliver nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the

installment procedures in the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA. Therefore, Oliver is instructed that if he wishes to take advantage of the installment method for paying the appellate filing fee, he must comply with the PLRA and *McGore* by filing a new *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Oliver, this is the second dismissal of one of his cases as frivolous or for failure to state a claim.[1] This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] Oliver previously filed *Oliver v. City of Savannah, Tenn.*, No. 1:94-cv-1016-JDT (W.D. Tenn. Jan. 31, 1994) (dismissed as frivolous).